UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

MIAMI DIVISION

Case Number _____

------------------------------------------------------------------

OCEANUS AGENCIA MARITIMA S.A.          )
                                        )
                    Plaintiff,          )
                                        )
-v-                                     )
                                        )
                                        )
ROYAL CARIBBEAN CRUISES LTD.            )
                                        )
                    Defendant.          )
------------------------------------------------------------------

## COMPLAINT

Comes Now the Plaintiff, OCEANUS AGENCIA MARITIMA S.A. (hereinafter "Oceanus"), by its attorneys, CHALOS & CO, P.C., as and sues the Defendant, ROYAL CARIBBEAN CRUISES LTD. (hereinafter "RCCL") for an amount in excess of $75,000.00 excluding attorney's fees and costs, and further alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

2.     The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 by virtue of the Plaintiff being a foreign business entity and the Defendant having its principal place of

1

business in Miami-Dade County, Florida and the amount in controversy surpassing this Court's minimum threshold.

3. This Court further has jurisdiction over the Defendant via this Court's long-arm statute as Defendant transacts business in the State of Florida and in Miami-Dade County and the Defendant, at all times material hereto, was and is still actively, purposefully, willfully and not isolated and intentionally and systematically, conducting ongoing business in Miami-Dade County, Florida.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (c).

## THE PARTIES

5. At all times material hereto, Plaintiff, Oceanus, was and still is a foreign business entity with a principal place of business at Rua São Bento, 8-12 Andar, Rio de Janeiro, Brazil.

6. Upon information and belief, at all times material hereto, Defendant, RCCL, was and still is a business entity incorporated in Liberia and with its principal place of business at 1050 Caribbean Way, Miami-Dade County, Florida 33132.

## FACTS AND CLAIM

7. At all times material hereto, Defendant RCCL is the owner and/or operator and/or manager of the following vessels: the M/S VISION OF THE SEAS; the M/S SPLENDOR OF THE SEAS; the AZAMARA JOURNEY; and the AZAMARA QUEST.

8. On various dates beginning on or about November 11, 2011 through on or about February 15, 2013, Defendant RCCL appointed Plaintiff Oceanus to provide the above-mentioned vessels with various necessary shipping agency services at the Brazilian ports of Salvador, Santos, Rio de Janeiro, Recife, Fortaleza, Porto Belo, and Natal. Thus, the Parties

entered into a valid and binding express and/or implied contract which is the subject of this litigation.

9. In accordance with RCCL's instructions under the contract, Plaintiff undertook to provide necessary services to Defendant's vessels including, but not limited to, handling port expenses, LGA expenses, crew expenses, sludge expenses, fresh water expenses, entertainment expenses, and medical expenses; all on behalf of and for the benefit of Defendant RCCL.

10. In performing these services on RCCL's behalf, Plaintiff incurred expenses undertaken on behalf of and for the betterment of Defendant RCCL.

11. Plaintiff contemporaneously invoiced Defendant RCCL for the services provided at Defendant's request, providing full supporting vouchers for each disbursement incurred on RCCL's behalf. [1]

12. Despite Plaintiff's performance of services and expenses, as well as its repeated and regular requests for reimbursement, Defendant has failed, neglected, and or otherwise refused to pay the full amount owed to Plaintiff and an outstanding balance of $197,181.88 is due and owing to Plaintiff from Defendant RCCL.  *A spreadsheet outlining the total outstanding amounts owed to Oceanus by RCCL for expenses paid on RCCL's behalf is attached hereto as Exhibit "1".*

13. Oceanus has repeatedly demanded payment from Defendant. Despite acknowledgment of the outstanding amount and promises that payment would be forthcoming, Defendant RCCL has failed, neglected, or otherwise refused to pay the outstanding disbursements undisputedly due and owing to RCCL, and interest continues to accrue on the unpaid amount.

---

[1] The complete set of invoices with supporting vouchers issued by Plaintiff to Defendant are voluminous, totaling hundreds of pages.  As such, they have not been attached hereto, but can and will be provided to the Court upon request.

14. All conditions precedent to the bringing of this lawsuit have been complied with by the Plaintiff or have been waived by the Defendant.

## FIRST CAUSE OF ACTION

### *Breach of Contract*

15. Plaintiff Oceanus repeats and re-alleges each and every allegation set forth in paragraphs one (1) through fourteen (14) as if set forth herein at length.

16. At the request of Defendant, the Plaintiff Oceanus undertook to provide necessary maritime services to Defendant's vessels, the M/S VISION OF THE SEAS; the M/S SPLENDOR OF THE SEAS; the AZAMARA JOURNEY; and the AZAMARA QUEST, during various calls by these vessels to the Brazilian ports of Salvador, Santos, Rio de Janeiro, Recife, Fortaleza, Porto Belo, and Natal.

17. Plaintiff Oceanus provided the agreed upon services to the abovementioned vessels and provided Defendant with contemporaneous invoices, with complete supporting vouchers, for the services provided and disbursements paid at RCCL's request and for RCCL's benefit.

18. Defendant has received the benefit of Plaintiff Oceanus's services and has received the invoices presented without objection.

19. Despite repeated requests for payment by Oceanus, Defendant RCCL has neglected, failed and otherwise refused to pay for the services rendered by Oceanus, in breach of the parties' agreement.

20. As a result of Defendant's willful failure to honor its obligations under the parties' agreement and breach thereof, Plaintiff has suffered damages in the amount of USD $197,181.88.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Complaint;

B.  That judgment may be entered in favor of Plaintiff on its First Cause of Action (Breach of Contract) in an amount of $197,181.88, plus interest and costs.

C.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing any judgments which may be obtained; and

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

## SECOND CAUSE OF ACTION

### *Account Stated*

21.  Plaintiff Oceanus repeats and re-alleges each and every allegation set forth in paragraphs (1) through twenty (20) as if set forth herein at length.

22.  Plaintiff Oceanus provided the agreed upon services to the abovementioned vessels and provided Defendant with contemporaneous invoices, with complete supporting vouchers, for the services provided and disbursements paid at RCCL's request and for RCCL's benefit.

23.  Defendant RCCL has retained the services provided by Oceanus as reflected by the numerous invoices issued without objection. ***See Exhibit 1***

24.  More than a reasonable time has elapsed.

25.  Accordingly, Oceanus is entitled to judgment for the outstanding amount of USD $197,181.88.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Complaint;

B.  That judgment may be entered in favor of Plaintiff on its Second Cause of Action (Account Stated, USD $197,181.88), plus interest and costs in an amount to be determined by the Court;

C.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing any judgments which may be obtained; and

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

## THIRD CAUSE OF ACTION

### *Unjust Enrichment / Quantum Meruit*

26.  Plaintiff Oceanus repeats and re-alleges each and every allegation set forth in paragraphs one (1) through twenty-five (25) as if set forth herein at length.

27.  At the request of Defendant, Plaintiff Oceanus undertook to provide necessary maritime services to Defendant's vessels, the M/S VISION OF THE SEAS; the M/S SPLENDOR OF THE SEAS; the AZAMARA JOURNEY; and the AZAMARA QUEST, during various calls by these vessels to the Brazilian ports of Salvador, Santos, Rio de Janeiro, Recife, Fortaleza, Porto Belo, and Natal.

*28.*  Despite demands for payment for its services as set forth in all of the invoices issued to the Defendant, an outstanding balance of USD $197,181.88 remains due and owing to Plaintiff Oceanus. *See Exhibit 1*

29.     Defendant RCCL has inequitably benefited from its neglect, failure and/or refusal to pay Oceanus USD $197,181.88 for the services Oceanus provided at the request of, and for the benefit of, Defendant.  Additionally, the Defendant has unclean hands and equity and good conscious dictates that the Defendant must pay the Plaintiff for all of the services rendered.

30.     Defendant has unjustly received and retained the benefit of the services rendered by Oceanus.

31.     Equity and good conscience require Defendant RCCL to pay Oceanus damages in the amount of USD $197,181.88, which Oceanus has incurred and sustained for the benefit of Defendant RCCL.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Complaint;

B.     That judgment may be entered in favor of Plaintiff on its Third Cause of Action (Unjust Enrichment / Quantum Meruit, USD $197,181.88) plus interest and costs in an amount to be determined by the Court;

C.     That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing any judgments which may be obtained; and

D.     That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: December 24, 2015
Coral Gables, Florida

Respectfully Submitted ,

By: /s/ Michelle Otero Valdés
Michelle Otero Valdés
Florida Bar No.: 14990
CHALOS & CO, P.C.
2030 S. Douglas Road, Suite 117
Coral Gables, Florida 33134
Tel: (305) 377-3700
Fax: (866) 702-4577
E-mail: mov@chaloslaw.com

Attorneys for Plaintiff
OCEANUS AGENCIA MARITIMA S.A.

OF COUNSEL:

George M. Chalos, Esq. (*pro hac vice* forthcoming)
CHALOS & CO, P.C.
55 Hamilton Ave
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com